IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE ABNER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No.:   2:15-cv-02040-SGC |
| | ) |
| UNITED STATES PIPE & FOUNDRY CO., et al., | ) |
| | ) |
|     Defendants. | ) |

### PLAINTIFFS' MOTION TO REMAND

Plaintiffs hereby move to remand the present action to the Circuit Court of Jefferson County, Alabama. In support of their Motion, Plaintiffs assert as follows:

### I.    BACKGROUND

1. The present action was originally commenced on September 21, 2015, in the Circuit Court of Jefferson County, Alabama. (Doc. 1, Exh. A)

2. Defendant United States Pipe and Foundry Company, LLC ("USPF LLC") accepted service of the Complaint on October 14, 2015. (Doc. 1, Exh. B)

3. Defendant Mueller Water Products, Inc. accepted service of the Complaint on October 16, 2015. (Doc. 1, Exh. C)

4. Defendant USP Holdings Inc. accepted service of the Complaint on October 14, 2015. (Doc. 1, Exh. D)

1

5.      On November 13, 2015, Defendants jointly filed a Notice of Removal to this Court. As a basis for this Notice, Defendants propound the argument that complete diversity of citizenship exists between the Plaintiffs and Defendants and that the amount in controversy exceeds $75,000. (Doc. 1, ¶ 10)

## II.     STATEMENT OF THE RELEVANT FACTS

6.      From 1911 through 2010, Defendants or their predecessors operated a pipe-making facility in Birmingham, Alabama. (Doc. 1, Exh. A, ¶¶ 1, 16)  Through this operation, Defendants caused the release of certain harmful chemical contaminants into the surrounding neighborhoods in which each of the Plaintiffs lived, worked, or frequented. (Doc 1, Exh. A, ¶ 9)

7.      Plaintiffs brought the present action in the Circuit Court of Jefferson County, Alabama seeking compensatory and punitive damages for personal injuries they have suffered on account of exposure to the aforementioned chemical contamination released from Defendants' facility. (Doc. 1, Exh. A, ¶ 1)

8.      As set forth in the Complaint, each Plaintiff is domiciled in, and is a citizen of, Alabama.  (Doc. 1, Exh. A, ¶ 2)  Upon information and belief, Defendant USPF LLC is a limited liability company headquartered in Jefferson County, Alabama and whose sole member is USP Holdings Inc. (Doc. 1, ¶ 16) Upon information and belief, USP Holdings Inc. is a Delaware corporation whose principal place of business is in Jefferson County, Alabama.  Defendant Mueller

Water Products, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Doc. 1, ¶ 14)

### III.    STANDARD OF REVIEW FOR REMOVAL CLAIMS

9.    Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. All doubts about jurisdiction should be resolved in favor of remand to state court. *City of Vestavia Hills v. General Fidelity Insurance Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. *Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). "The burden of the removing party is a heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

10.    For the purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state within which its principal place of business is located.  28 U.S.C. § 1332(c)(1).  The location of a corporation's principal place of business is its "nerve center." *Hertz v. Friend*, 559 U.S. 77, 90 (2010).  This "nerve center" is not merely an office where the corporation holds its board meetings; rather, it is the location that is the actual center of direction, control, and coordination of the corporation's activities. *See id.* at 93.

## IV. LEGAL ARGUMENT & CITATION OF AUTHORITY

**A. THIS CAUSE SHOULD BE REMANDED BECAUSE COMPLETE DIVERSITY DOES NOT EXIST BETWEEN THE PLAINTIFFS AND THE DEFENDANTS.**

11. Defendants have not demonstrated complete diversity amongst all Plaintiffs and all Defendants because several Plaintiffs are citizens of Alabama, of which both USPF LLC and USP Holdings, Inc. are citizens.

12. Although Defendants are correct that the citizenship of a limited liability company for the purposes of diversity jurisdiction is generally determined by the citizenship of its members, they have not provided any further information to support their conclusory statements regarding the citizenship of USPF LLC and USP Holdings Inc.

13. The test laid out by the United States Supreme Court requires a fact specific analysis of a corporation's "center of overall direction, control, and coordination" when determining their principal place of business. *Hertz*, 559 U.S. at 96. Proof of the location of this "nerve center" goes beyond the mere the filing of forms stating a corporation's headquarters. *See id*.

14. Because it is a limited liability company, the citizenship of USPF LLC is generally determined by the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus the citizenship of both USPF LLC and USP Holdings Inc. are determined by

4

the state of incorporation and the principal place of business, or "nerve center," of USP Holdings Inc.

15.     It is undisputed that USP Holdings Inc. was incorporated pursuant to the laws of Delaware, but it is also undisputed Delaware is not where its principal place of business is located.  Defendants have stated that USP Holdings Inc.'s principal place of business is in Rosemont, Illinois (Doc. 1, ¶15), but there is nothing else in the record to support this statement and Plaintiffs contend that the actual "nerve center" is in Jefferson County, Alabama.

16.     Upon information and belief, USP Holdings Inc. was created in 2012 for the sole purpose of being the holding company of USPF LLC.  This corporate structure creating a separate operating company and holding company suggests the appearance of jurisdictional manipulation as Defendants were well aware by that time of their potential environmental liabilities related to their facility in North Birmingham.

17.     Further supporting the appearance of an attempt to manipulate jurisdiction is that all of the apparent business activity of USPF LLC and USP Holdings, Inc. takes place in Jefferson County, Alabama.  USPF LLC and USP Holdings Inc. still operate a pipe-making facility and maintain extensive corporate offices there.  Despite their assertions to the contrary, the true "nerve center" of

both companies appears to be in Jefferson County, Alabama, thus making them both citizens of Alabama.

19. 18. Other courts in this Circuit have previously held that such a "shell" holding company had its true "nerve center" in the same location as its operating company. In *Freedom Environmental Services v. Borish*, the court held that the actual "nerve center" of the holding company at issue was the same as its operating company, also a limited liability company, because it was the true center of control and all business activity for the holding company. 2012 U.S. Dist. LEXIS 89572 (M.D. Fla. June 20, 2012).

19. In a situation similar to the present case, there was no information on the record to suggest that the holding company carried out any real business in its supposed headquarters. In this circumstance, the court looked to the location of the operating company as the holding company's true headquarters because that was where the actual control of the company was taking place. *See id*.

20. Because USP Holdings Inc. does not have any apparent business activity in Illinois and all of its activity is focused in Alabama, USP Holdings Inc. should be considered a citizen of Alabama. If USP Holdings Inc. and USPF LLC are citizens of Alabama, complete diversity does not exist, and remand is proper.

21. Alternatively even in the absence of outright manipulation, complete diversity still does not exist. Because all of the business activities of both USPF

LLC and USP Holdings Inc. appear to be centered upon their operations in Jefferson County, AL, both companies should still be deemed Alabama citizens for the purposes of diversity jurisdiction.

22.   Finally, Plaintiffs have pending discovery requests for substantially similar, and unremoved, actions in Jefferson County Circuit Court.  It is Plaintiffs' strong contention that these discovery requests will further validate the present "nerve center" arguments and will also likely establish the existence of other currently unidentified local Alabama parties of which only Defendants currently are aware.

## V.   CONCLUSION

23.   This case should be remanded to the Circuit Court of Jefferson County, Alabama because the Defendants have not met their burden of establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  As stated above, the Defendants have not demonstrated that complete diversity exists between all Plaintiffs and all Defendants.  Both USPF LLC and USP Holdings, Inc. appear to have their "nerve center" in Alabama, making them Alabama citizens like several of the Plaintiffs.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs respectfully request that this Honorable Court grant this motion and remand the

cause to the Circuit Court of Jefferson County, Alabama, and grant such other relief as the Court deems necessary and just.

                                            s/Jon C. Conlin
                                            Jon C. Conlin (ASB-7024-J66C)
                                            jconlin@corywatson.com
                                            R. Andrew Jones (ASB-0096-I11R)
                                            ajones@corywatson.com
                                            *Attorneys for Plaintiffs*

**OF COUNSEL:**
CORY WATSON, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
(205) 328-2200
(205) 324-7896 FAX

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2015, pursuant to the Federal Rules of Civil Procedure, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEYS FOR DEFENDANTS:**
Sharon D. Stuart, Esq.
Michael A. Vercher, Esq.
Irving W. Jones, Esq.
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203

                                        s/Jon C. Conlin
                                        OF COUNSEL