IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE ABNER, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | **2:15-cv-02040-KOB** |
| ] | |
| **UNITED STATES PIPE & FOUNDRY** ] | **This Document Relates to All Cases** |
| **COMPANY, LLC, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

These 14 consolidated cases involve Plaintiffs' allegations that Defendants operated a pipe-making facility in Birmingham, Alabama that released harmful chemical contaminants into areas occupied or frequented by Plaintiffs, causing personal injury and property damage. They are before the court on Defendants United States Pipe & Foundry Company, LLC and Mueller Water Products, Inc.'s 14 Motions to Dismiss and Motions for More Definite Statement. (Doc. 7 in 2:15-cv-02040-KOB, Doc. 8 in 2:15-cv-02045-KOB, Doc. 5 in 2:15-cv-02046-KOB, Doc. 8 in 2:15-cv-02047-KOB, Doc. 7 in 2:15-cv-02048-KOB, Doc. 7 in 2:15-cv-02049-KOB, Doc. 7 in 2:15-cv-02050-KOB, Doc. 7 in 2:15-cv-02051-KOB, Doc. 7 in 2:15-cv-02052-KOB, Doc. 8 in 2:15-cv-02054-KOB, Doc. 8 in 2:15-cv-02055-KOB, Doc. 7 in 2:15-cv-02056-KOB, Doc. 7 in 2:15-cv-02057-KOB, Doc. 5 in 2:17-cv-00136-KOB).

The court directed the parties to brief the Motions in a single response and reply brief. (Doc. 74). Plaintiffs filed a response (doc. 77) and Defendants filed a reply. (Doc. 81). All docket references are to the lead case, 2:15-cv-02040-KOB, except where otherwise noted.

**I.      Standard of Review**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

*Id*. (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

**II.   Discussion**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendants move to dismiss Plaintiffs' claims of Nuisance; Concealment, Misrepresentation, and Fraud; Conspiracy; Battery; and Trespass.[1] Defendants move for a more definite statement of Plaintiffs' claims for Negligence; Wrongful Death; Wantonness; Negligence Per Se; and Punitive Damages. Plaintiffs concede that they have failed to state a claim for battery, so the court will dismiss those claims

---

[1] Defendants do not move to dismiss Plaintiff's Nuisance and Trespass claims in 2:17-cv-00136-KOB.

3

for every Plaintiff.[2]

### A. Fraud

Plaintiffs' allegations of "Concealment, Misrepresentation, and Fraud" in their Complaints apparently aim to state claims of fraudulent suppression and fraudulent misrepresentation. Under Alabama law, a plaintiff claiming fraudulent suppression must show: "(1) that [the defendant] had a duty to disclose the existing material fact; (2) that [the defendant] suppressed this material fact; (3) that [the defendant's] suppression of this fact induced [the plaintiff] to act or to refrain from acting; and (4) that [the plaintiff] suffered actual damage as a proximate result." *LaFerrera v. Camping World RV Sales of Birmingham*, 171 F. Supp. 3d 1257, 1269 (N.D. Ala. 2016) (quoting *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998)); *see* ALA. CODE § 6-5-102.

In the absence of a statutory duty or other duty imposed by law, as here, whether the defendant had a duty to disclose depends on several factors: "(1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact; (5) the customs of the trade; and (6) other relevant circumstances." *See Ex parte Ford Motor Credit Co.*, 717 So. 2d 781, 786 (Ala. 1997); *State Farm*, 729 So. 2d at 834 (internal citations omitted).

Fraudulent misrepresentation, which involves an affirmative act or statement as opposed to suppression of information, consists of "(1) a false representation (2) concerning a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result." *See Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 463 (Ala. 2000) (quoting *Baker v. Bennett*, 603

---

[2] Appendix A, attached, details the count numbers for each of these claims by individual case.

So. 2d 928, 935 (Ala.1992)); *see* ALA. CODE § 6-5-101.

Federal Rule of Civil Procedure 9(b) requires plaintiffs to plead the circumstances constituting fraud with particularity. A plaintiff may satisfy the requirements of Rule 9(b) in one of two ways. Traditionally, "a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations [or omissions] made; (2) the time, place, and person responsible for the statement [or omission]; (3) the content and manner in which these statements [or omissions] misled the [p]laintiff; and (4) what the defendants gained by the alleged fraud.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)). A plaintiff may also plead fraud by "alternative means," such as by submitting documents demonstrating the circumstances of the alleged fraud. *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1998) (finding adequate pleading where plaintiffs alleged mail fraud and submitted affidavit asserting receipt of documents in the mail); *see Tanner v. Int'l Isocyanate Inst.*, No. 1:05-cv-02341-PWG, at 44 (N.D. Ala. June 9, 2008), ECF Doc. 303 (finding that the plaintiffs could not satisfy Rule 9(b) by alternative means because "[t]here are simply no other papers, documents, or communication to be reviewed.").

In claiming fraudulent suppression and misrepresentation, Plaintiffs allege that Defendants "withheld, misrepresented, and/or concealed information" related to their toxic substance emissions, and that "Plaintiffs, other exposed individuals, and the public at large were damaged and physically harmed" as a result, because they "continued to live, work in, and/or frequent" contaminated areas. (Doc. 1-1 at 19). Plainly, these allegations fail to assert *what* information Defendants misrepresented or concealed; the manner, time(s), or place(s) in which

5

they misrepresented or concealed it; what acts, statements, or omissions constituted fraud; which individuals concealed the information or misrepresented it; the nature of Plaintiffs' reliance on the concealment or misrepresentation in continuing to "live, work in, and/or frequent" the contaminated areas; and how and what Defendants gained from the fraud.

Specifically, Plaintiffs have failed to adequately plead Defendants' *duty* to disclose certain information, which they must demonstrate to prevail on their claims of fraudulent suppression. They assert broadly that "Defendants had an affirmative duty to disclose to the Plaintiffs, other exposed individuals, and the public at large the actual and potential harm to their persons . . . including an affirmative duty to disclose" their exposure to chemical contaminants. (Doc. 1-1 at 18). On its face, this assertion amounts to a legal conclusion that Defendants owed affirmative duties to multiple classes of people to disclose information. Plaintiffs argue that the source of these duties to disclose are the state and federal statutes referenced in their Complaints, which impose affirmative duties to avoid the pollution alleged, and that Defendants failed to disclose the risks of the unlawful pollution to Plaintiffs.

But Plaintiffs mischaracterize the duties imposed by those statutes, which assume the presence of pollutants and regulate their discharge. *See, e.g.*, Clean Water Act, 33 U.S.C. § 1251 et seq. (providing for regulation of water pollution); Clean Air Act, 42 U.S.C. § 7401 et seq. (same as to air pollution); Alabama Air Pollution Control Act of 1971, Ala. Code § 22-28-1 et seq. (regulating air pollution in Alabama). Moreover, those laws do not speak to a defendant's obligations to publicly disclose information or convey information to private individuals, but provide only for compliance and reporting duties to relevant state and federal agencies.

Plaintiffs also argue that their Complaints plead that (1) Plaintiffs did not know about the

toxic nature of Defendants' emissions; (2) Plaintiffs had no way of ascertaining that information; and (3) the information was of high value, as it showed a link between the emissions and serious illnesses. They contend that these facts sufficiently establish an affirmative duty. But the Complaints do not allege the second point, clarify what information Defendants owed a duty to disclose, or address the other *State Farm* factors.

"Superior knowledge of a fact, without more, does not impose upon a party a legal duty to disclose such information." *Surrett v. TIG Premier Ins. Co.*, 869 F. Supp. 919, 925 (M.D. Ala. 1994) (citing *Barnes v. Liberty Mut. Ins. Co.*, 468 So.2d 124, 126 (Ala. 1985)). Plaintiffs have failed to point in their Complaints to any statutory or other legal duty or combination of the *State Farm* factors that would impose a duty to disclose the information Defendants allegedly concealed from Plaintiffs.

Plaintiffs have not submitted documentation showing the circumstances of the alleged fraud in an effort to plead it by alternative means. Accordingly, their claims of fraudulent suppression and misrepresentation are due to be dismissed.

**B.     Conspiracy**

Plaintiffs allege that Defendants and their "employees, agents, officers, and representatives" conspired: (1) "[t]o release the Contaminants from the Plant in question and in a manner in violation of the law"; (2) "[t]o conceal the fact that the Contaminants were being released from the Plant"; (3)"[t]o conceal the fact that human exposure to the Contaminants from the Plant would lead to injury and/or death in those exposed"; (4) "[t]o conceal the fact that the Contaminants were being released on to the properties of the Plaintiffs and other landowners in the Neighborhoods"; (5) "[t]o conceal the fact that Defendants knew their contaminates [sic]

7

were invading the bodies of individuals, including Plaintiffs, in the surrounding communities"; and (6) "[t]o evade liability for damages caused by the Contaminants released from the Plant through corporate restructuring and/or reorganizing." (Doc. 1-1 at 19–20 ¶ 94).

To the extent Plaintiffs' conspiracy claim alleges a conspiracy to fraudulently conceal information, it fails to state a claim for relief, because a conspiracy requires the commission of an underlying tort and Plaintiffs' claims of fraudulent concealment and misrepresentation are inadequately pled. *See Triple J. Cattle, Inc. v. Chambers,* 621 So. 2d 1221, 1225 (Ala. 2003) (internal citations omitted) ("Conspiracy itself furnishes no civil cause of action.").

Further, to allege a conspiracy claim, Plaintiffs must do more than simply aver in their Complaints that a conspiracy existed. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). A conspiracy requires an agreement, or "meeting of the minds," to bring about an unlawful end. *See First Bank of Childersburg v. Florey*, 676 So. 2d 324, 327 (Ala. Civ. App. 1996). Plaintiffs have not pled facts that, if proven, would show that Defendants agreed to commit the acts they allegedly conspired to commit. Nor have they alleged the time, place, or people involved in making the agreement.

Further, Plaintiffs specifically allege that Mueller acquired an interest in the pipe-making plant in 2006 and that the plant closed in 2010, but do not state whether the conspiracy only existed between 2006 and 2010 or longer. (Doc. 1-1 at 6 ¶¶ 15, 16). These dates are significant because a conspiracy "cannot exist between a corporation and its agents or employees, since the acts of agents and employees acting within the line and scope of their employment are considered the acts of the corporation itself." *Phillips v. Amoco Oil Co.*, 614 F. Supp. 694, 702 n.10 (N.D. Ala. 1985). In other words, USPF cannot have conspired with itself. Accordingly, Plaintiffs'

conspiracy claims are due to be dismissed.

### C. Nuisance and Trespass

The parties agree that under Alabama law, claims for both nuisance and trespass require an interest in the affected property. *See Borland v. Sanders Lead Co.*, 369 So. 2d 523, 529 (Ala. 1979). Defendants do not challenge these claims in 2:17-cv-00136-KOB, for the obvious reason that the Complaint identifies the specific property owned by the Plaintiff. *See* (Doc. 1-1 at 8 ¶ 2) in 2:17-cv-00136-KOB. The other Complaints lack any such sufficiency.

Plaintiffs' nuisance and trespass claims assert damage to Plaintiffs' property, but the Complaints do not contain allegations showing that Plaintiffs held any interest in property, whether through ownership, a lease, or something else. Rather, Plaintiffs claim that they "lived, worked, and/or frequented one or more locations within the Neighborhoods" near the facility. (Doc. 1-1 at 15 ¶ 68). They then assert that Defendants damaged "Plaintiffs' properties." (*Id.* at 17–18 ¶¶ 81–87, 22 ¶¶ 108–113). These allegations are insufficient to state an interest in properties in the Neighborhoods,[3] and Plaintiffs' nuisance and trespass claims are due to be dismissed.

To the extent Plaintiffs' trespass claims allege personal injury, the court dismisses them for the same reason it dismisses Plaintiffs' battery claims, as discussed below. Trespass to person does not constitute an independent action, but rather is a descriptor encapsulating intentional torts committed against the person, and these facts suggest that Plaintiffs plead trespass to person in the form of battery. *See Ex parte Capstone Bldg. Corp.*, 96 So.3d 77, 85–86 (Ala. 2012) (holding

---

[3] Defined as the neighborhoods of Collegeville, North Birmingham, Fairmont, Harriman Park, and other surrounding areas. (Doc. 1-1 at 8 ¶ 23).

that the statute of limitations for "[a]ctions for any trespass to person" applies only to intentional torts and not to wantonness claims and noting that trespass, which gave rise to intentional torts like assault and battery, historically denoted intent to injure).

### D. Battery

Plaintiffs allege that Defendants' release of contaminants "resulted in an invasion of Plaintiffs' person." (Doc. 1-1 at 21 ¶ 103). Plaintiffs concede that they cannot state a claim for battery because battery under Alabama law requires physical touching. *See, e.g.*, *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1193 (Ala. 1998). Accordingly, the court dismisses Plaintiffs' battery claims.

### E. More Definite Statement: Negligence; Wrongful Death; Wantonness; Negligence Per Se; and Punitive Damages

Rule 12(e) permits a party to ask for a more definite statement of a pleading "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Plaintiffs do not individually allege their injuries or the nature of their property damage. Nor do they assert the individual circumstances of their exposure to the described toxic emissions. Rather, each Plaintiff claims to have contracted one or more of the sixty-seven "linked diseases" identified in the Complaints and/or to have generally suffered property damage. Accordingly, Defendants ask that the court order Plaintiffs to provide a more definite statement of (1) each Plaintiff's individualized injuries and (2) the circumstances of each Plaintiff's exposures to Defendants' contaminants, including relevant dates, locations, and contaminants.

The court is cognizant that Rule 12(e) must not be employed as an end-run around the "short and plain statement" rule. *See Harris v. Fisher-Price Inc.*, No. 1:13-cv-00076-KOB, 2013

WL 2013 WL 9861461, at *1 (N.D. Ala. Oct. 24, 2013) (Bowdre, J.) (citing *Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000)). Too, as this court previously observed, "Rule 12(e) does not require plaintiffs to provide a plaintiff-by-plaintiff breakdown of specific factual allegations or to provide painstaking detail distinguishing each plaintiff's claims from each other plaintiff's claims." *Id.* (quoting *Abrams v. CIBA Specialty Chemicals Corp.*, No. 08–0068–WS–B, 2008 WL 4183344, at *4 (S.D. Ala. Sept. 10, 2008)).

Further, the Plaintiffs have already revealed the specific "linked diseases" for each Plaintiff through informal discovery. More details about each Plaintiff and each injury can be obtained more efficiently through discovery. So the court denies the Motions for More Definite Statement as to these aspects of the Complaints.

However, the court finds that Plaintiffs' allegations are "vague and ambiguous—leaving the reader to guess at precisely what the plaintiff[s are] claiming" in violation of Rule 8(b), *as to each Defendant's role in causing Plaintiffs' injuries. Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011); *see Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290 (N.D. Ga. 2005) (holding, in a beryllium emission case, that "the Complaint [did] not give each Defendant 'fair notice' of the role it or its product is alleged to have played in causing Plaintiffs' injuries").

Plaintiffs have provided Defendants with fair notice of their claims that Defendants wrongfully emitted specified contaminants that caused Plaintiffs in the defined Neighborhoods to suffer personal injury and property damage. But Defendants must guess at how each Defendant supposedly committed the purported emissions; the need for more specificity is particularly relevant given that Mueller did not acquire an interest in the pipe-making plant until 2006, but

the complaint refers to injuries caused during the period between 1985 and 2010.

The court therefore **ORDERS** Plaintiffs to provide Defendants with a more definite statement of their Negligence, Wrongful Death, Wantonness, Negligence Per Se, and Punitive Damages claims to specify how each Defendant caused Plaintiffs' injuries.

### III.   Conclusion

For the reasons stated in this opinion, the court **GRANTS** Defendants' 14 Motions to Dismiss and Motions for More Definite Statement and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims of Nuisance; Concealment, Misrepresentation, and Fraud; Conspiracy; and Trespass, except that the court does not dismiss the Nuisance and Trespass claims in 2:17-cv-00136-KOB. The court **DISMISSES WITH PREJUDICE** Plaintiff's Battery claims. The court **ORDERS** Plaintiffs to provide a more definite statement of their Negligence, Wrongful Death, Wantonness, Negligence Per Se, and Punitive Damages claims. The court will enter a separate order consistent with this opinion.

**DONE** this 31st day of March, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE