FILED
2018 Jan-17  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ABNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File No. 2:15-cv-02040- |
| | ) | KOB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES PIPE AND | ) | |
| FOUNDRY COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES PIPE AND FOUNDRY COMPANY, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant United States Pipe and Foundry Company, LLC ("USP") sets forth its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint as follows.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that USP bears the burden of proof as to any of them, USP asserts the following affirmative defenses.

## FIRST DEFENSE

The First Amended Complaint, and each Count therein, should be dismissed for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Alabama's rule of repose.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## FIFTH DEFENSE

Plaintiffs' alleged injuries, damages, or losses, if any, were directly and proximately caused by the intervening, superseding acts and conduct of others over which USP had no control, thereby precluding any recovery against USP.

## SIXTH DEFENSE

Plaintiffs failed to mitigate any damages or losses that Plaintiffs allegedly sustained.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the grounds that Plaintiffs have failed to join one or more indispensable parties.

## EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent those claims were previously discharged in bankruptcy by the United States Bankruptcy Court for the Middle

District of Florida, Tampa Division in cases styled *In re: Hillsborough Holdings Corporation, et al.*, Case Nos. 89-9715-8P1 through 89-9746-8P1 and 90-11997-8P1.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of assumption of risk and/or informed consent.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, in as much as USP owed no legal duty to Plaintiffs as alleged in the First Amended Complaint.

## ELEVENTH DEFENSE

Plaintiffs' claims are preempted by state and/or federal statutes, rules, and regulations, including but not limited to the Clean Air Act, 42 U.S.C. § 7401 *et seq.*

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the ground that emissions or releases from the Plant were federally permitted releases, 42 U.S.C. §§ 9601(10), 9607(j).

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the ground that some or all of the Plaintiffs lack standing to sue.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, to the extent that they request injunctive relief, by the doctrine of primary jurisdiction.

FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to a 2008 Settlement Agreement and Final General Release of Claims or otherwise due to pending arbitration proceedings.

SIXTEENTH DEFENSE

To the extent that Plaintiffs have availed and/or failed to avail themselves of funds from unnamed third parties, including without limitation Plaintiffs' insurance companies and unnamed potentially responsible parties, USP is entitled to a set off of these funds including interest.

SEVENTEENTH DEFENSE

Plaintiffs' claim for punitive damages is barred, in whole or in part, by the provisions of Ala. Code § 6-11-20.

EIGHTEENTH DEFENSE

Plaintiffs' claim for punitive damages is barred, in whole or in part, because the Supreme Court of Alabama cannot abolish the cap for damages contained in Ala. Code § 6-11-21, and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

NINETEENTH DEFENSE

To the extent Plaintiffs' First Amended Complaint seeks punitive damages against USP, USP pleads the 1999 amendment to Ala. Code § 6-11-21 and the cap on punitive damages contained therein.

TWENTIETH DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holdings of the United States Supreme Court in *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2008 WL 2511219 (2008); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); or *Matthews v. Eldridge*, 424 U.S. 319 (1976).

TWENTY-FIRST DEFENSE

USP may not be found liable for punitive damages where the conditions that form the basis of Plaintiffs' claims are, and have been, the subject of state regulatory oversight or action, and when there has been substantial compliance with the findings, orders, and directives of the responsible state regulatory agency.

TWENTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred by the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution

and the prohibition of excessive fines contained in the Eighth Amendment to the U.S. Constitution.

## TWENTY-THIRD DEFENSE

Plaintiffs' claim for punitive damages is barred by Section 6 of the Alabama Constitution, which guarantees that no person shall be deprived of life, liberty, or property, except by due process of law, and Section 15, which prohibits the imposition of excessive fines.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages against USP cannot be sustained because under Alabama law, any award of punitive damages, which would be penal in nature, without according USP the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, self-incrimination, and the right to confront adverse witnesses, and the effective assistance of counsel, would violate USP's rights guaranteed under the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and the parallel provisions of the Constitution of the State of Alabama.

### TWENTY-FIFTH DEFENSE

An award of punitive damages would violate USP's constitutional right to due process to the extent separate, individual determinations of punitive liability and amount are not allowed as to each defendant.

### TWENTY-SIXTH DEFENSE

No act or omission on the part of USP caused or contributed to the Plaintiffs' alleged injuries.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' alleged injuries, damages, or losses, if any, were proximately caused or contributed to, by the negligence of the Plaintiffs or fellow servants.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by res judicata and/or claim preclusion.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by judicial estoppel.

### THIRTIETH DEFENSE

Plaintiffs lack capacity to bring their claims.

### THIRTY-FIRST DEFENSE

USP reserves the right to add or amend these affirmative defenses as discovery proceeds.

## ANSWER

Plaintiffs use the term "Defendants" throughout the First Amended Complaint to refer collectively to Mueller Water Products, Inc. ("Mueller"), USP, and Fictitious Defendants.  USP is without knowledge or information sufficient to form a belief as to the truth of the allegations that pertain to other Defendants and can neither admit nor deny the same.  USP therefore responds to the allegations contained in the individually numbered Paragraphs of Plaintiffs' First Amended Complaint only on behalf of itself as follows:

## NATURE OF COMPLAINT

1.     USP admits that Plaintiffs filed this civil action seeking the relief and damages set out in the First Amended Complaint.  USP further denies that Plaintiffs are entitled to the relief sought in the First Amended Complaint. USP is without knowledge sufficient to form a belief as to the truth of the allegations that Plaintiffs lived, worked and/or frequented the area at or around the Plant and can neither admit nor deny same. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same. Except as thus stated, denied.

## PARTIES AND JURISDICTION

2.     USP admits that the party is referred to in the First Amended Complaint as "Plaintiff."  USP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and can neither admit nor deny same. Except as thus stated, denied.

3.     USP admits that it is an Alabama limited liability company.  USP further admits that it may be served with a summons and copy of the Complaint upon its registered agent.  The remaining allegations merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

4.     USP is without knowledge or information sufficient to form a belief about the allegations of Paragraph 4 and can neither admit nor deny same.

5.     Paragraph 5 contains legal conclusions to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

6.     Paragraph 6 contains legal conclusions to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

## BACKGROUND FACTS

**Defendants' Corporate History**

7.      USP admits that Plaintiffs have filed this First Amended Complaint alleging that Defendants' actions or inactions caused harm to human health and the natural environment. USP denies that any action or inaction on its part caused or contributed to injuries or damages suffered by Plaintiffs, if any. USP further denies that Plaintiffs are entitled to the relief sought in the First Amended Complaint. USP is without knowledge or information sufficient to form a belief as to where Plaintiffs lived, worked or frequented and can neither admit nor deny same.  USP further states that Plaintiffs' use of the term "Contaminants," defined to include unnamed "hazardous substances and waste materials" is vague, ambiguous, and confusing, thus making it impossible for USP to respond to the factual allegations containing that term. To the extent that a response is required at this time, said allegations are denied. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 that pertain to other Defendants, and can neither admit nor deny same. Except as thus stated, denied.

8.      Admitted.

9.      Admitted.

10.      Admitted.

11.    Denied as stated.  USP admits that in 1969, the Jim Walter Corporation acquired U.S. Pipe and Foundry Company.  USP further states that in 1989, Jim Walter Corporation, and other debtors including U.S. Pipe and Foundry Company, filed for Chapter 11 bankruptcy protection.  In 1991, Jim Walter Corporation changed its name to Walter Industries, Inc.  In 1995, Walter Industries, Inc. emerged from bankruptcy protection, and in 1997 the company was first traded on the New York Stock Exchange.  Except as thus stated, denied.

12.    Denied as stated.

13.    USP admits that on October 3, 2005, through a series of transactions, Walter Industries, Inc. ("Walter") acquired all outstanding shares of capital stock of Defendant Mueller's predecessor, Mueller Water Products, Inc., which entity was immediately converted into Mueller Water Products, LLC, a Delaware limited liability company. USP admits that on December 14, 2006, Walter completed its spin-off of Defendant Mueller, including its subsidiary USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 13 that pertain to another Defendant, and can neither admit nor deny same. Moreover, the allegations of the second sentence of Paragraph 13 merely state a legal conclusion to which no response is required. To

the extent a response is required at this time, said allegations are denied. Except as thus stated, denied.

14.     Denied as stated. USP admits that as of September 23, 2005, it was formed as an Alabama limited liability company and as of that date, USP operated the Plant. Except as thus stated, denied.

15.     USP admits that operations at the Plant ceased in early April 2010. USP further admits that USP Holdings, Inc. purchased the membership interests of USP from Mueller on April 2, 2012.  On March 30, 2012, the Plant was sold and subsequently demolished.  The allegations in the second sentence of Paragraph 15 merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.  Except as thus stated, denied.

**Defendants' Operations and Toxic Emissions**

16.     USP admits that it operated a cupola melting furnace at the Plant. USP is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 16 that pertain to other Defendants and can neither admit nor deny same.

17.    USP admits that cupola melting furnaces can produce particulate emissions.  The allegation in Paragraph 17 as to the disposal of solid and/or liquid wastes is a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

18.    USP admits that molten iron was poured and cast.  USP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and can neither admit nor deny same.

19.    Denied as stated.  The allegation in Paragraph 19 as to the disposal of solid and/or liquid wastes is a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

20.    USP admits that operations at the Plant ceased in early April 2010. The remaining allegations in Paragraph 20 are denied as stated.

21.    Denied as stated.

22.    Denied as stated.

23.    Denied as stated.

24.     Denied.

25.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and can neither admit nor deny same.

26.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and can neither admit nor deny same.

27.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and can neither admit nor deny same.

28.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and can neither admit nor deny same.

29.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and can neither admit nor deny same.

30.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and can neither admit nor deny same.

31.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and can neither admit nor deny same.

32.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and can neither admit nor deny same.

33.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and can neither admit nor deny same.

34.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and can neither admit nor deny same.

35.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and can neither admit nor deny same.

36.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and can neither admit nor deny same.

37.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and can neither admit nor deny same.

38.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and can neither admit nor deny same.

39.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and can neither admit nor deny same.

40.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and can neither admit nor deny same.

41.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and can neither admit nor deny same.

42.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and can neither admit nor deny same.

43.     Denied as stated.

44.     Denied as stated.

45.     Denied.

46.     Denied as stated.

47.     The allegations in Paragraph 47 merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

48.     USP is without knowledge or information sufficient to form a belief as to when the United States Environmental Protection Agency ("EPA") began investigating the 35th Avenue Superfund Site and can neither admit nor deny the allegations in the first sentence in Paragraph 48.  USP further states that Plaintiffs' use of the undefined term "defendants" is vague, ambiguous, and confusing.  Except as thus stated, denied.

49.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and can neither admit nor deny same.

50.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and can neither admit nor deny same.

51.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and can neither admit nor deny same.

52.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and can neither admit nor deny same.

53.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and can neither admit nor deny same.

54.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and can neither admit nor deny same.

55.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and can neither admit nor deny same.

56.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and can neither admit nor deny same.

57.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and can neither admit nor deny same.

58.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and can neither admit nor deny same.

59.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and can neither admit nor deny same.

60.    USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 through 59 and can neither admit nor deny same.

**The Defendants' Misconduct**

61.    The allegations in Paragraph 61 merely state a legal conclusion to which no response is required.  USP further states that Plaintiffs' use of the phrase "at all times relevant" is vague and ambiguous, thus making it impossible for USP to respond to the factual allegations.  To the extent that a response is required at this time, said allegations are denied.

62.    The allegations in Paragraph 62 merely state a legal conclusion to which no response is required.  USP further states that Plaintiffs' use of the phrase "at all times relevant" is vague and ambiguous, thus making it impossible for USP

to respond to the factual allegations.  To the extent that a response is required at this time, said allegations are denied.

63.     The allegations in Paragraph 63 merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

64.     The allegations in Paragraph 64 merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

65.     The allegations in Paragraph 65 merely state a legal conclusion to which no response is required. To the extent that a response is required at this time, said allegations are denied.

66.     USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and can neither admit nor deny same. USP further states that Plaintiffs' use of the phrase "continue to contaminate" is vague and ambiguous, thus making it impossible for USP to respond to the factual allegations containing that phrase.

67.     The allegations in Paragraph 67 merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

68.     The allegations in Paragraph 68, including subparts (a) through (u), merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

69.     The allegations in Paragraph 69 of Plaintiffs' First Amended Complaint merely state a legal conclusion to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

**Plaintiffs' Injuries**

70.     Upon information and belief, USP admits that the Plant ceased pipe-making operations in early April 2010. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 that "each of the Plaintiffs lived, worked, and/or frequented one or more locations within the Neighborhoods" and can neither admit nor deny same.  Except as thus stated, denied.

71.     Denied.

## COUNT ONE – NEGLIGENCE

72.     USP incorporates herein by reference its responses to Paragraphs 1 through 71 of the Plaintiffs' First Amended Complaint set forth above.

73.     Paragraph 73 contains legal conclusions to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

74.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

75.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

## COUNT TWO - WANTONNESS

76.     USP incorporates herein by reference its responses to Paragraphs 1 through 75 of the Plaintiffs' First Amended Complaint set forth above.

77.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

78.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

79.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

80.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

81.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

## COUNT THREE – NUISANCE

82.     USP incorporates herein by reference its responses to Paragraphs 1 through 81 of the Plaintiffs' First Amended Complaint set forth above.

83.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

84.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

85.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

86.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

87.     Paragraph 87 contains legal conclusions to which no response is required.  To the extent that a response is required at this time, said allegations are denied.

88.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

89.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same

## COUNT FOUR – NEGLIGENCE PER SE

90.     USP incorporates herein by reference its responses to Paragraphs 1 through 89 of the Plaintiffs' First Amended Complaint set forth above.

91.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

92.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

## COUNT FIVE – PAST AND CONTINUING TRESPASS

93.     USP incorporates herein by reference its responses to Paragraphs 1 through 92 of the Plaintiffs' First Amended Complaint set forth above.

94.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

95.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

96.     Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

97.   Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

98.   Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

99.   Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

## COUNT SIX – PUNITIVE DAMAGES

100.   USP incorporates herein by reference its responses to Paragraphs 1 through 99 of the Plaintiffs' First Amended Complaint set forth above.

101.   Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

102.   Denied as to USP. USP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 that pertain to other Defendants or to operations at the Plant, and can neither admit nor deny same.

## PRAYER FOR RELIEF

USP denies that Plaintiffs are entitled to any of the relief requested in their

Prayer for Relief.

## GENERAL DENIAL

USP further pleads that any allegation not specifically admitted is hereby

denied.

WHEREFORE, having answered fully, USP prays:

(a)   Judgment in USP's favor on each and every Count contained in Plaintiffs' First Amended Complaint;

(b)   That all costs of the action, including reasonable attorneys' fees, be taxed upon Plaintiff;

(c)   In the event any injunctive relief is granted, that the Court require Plaintiffs to post a bond in an amount sufficient to protect USP's interests that will be affected as a result of the injunctive relief;

(d)   That a trial by jury of twelve be had on all triable issues in this case; and

(e)   That this Court grant USP such other and further relief as the Court deems just, equitable, and proper.

Dated this 17th day of January, 2018.

 */s/ Elizabeth H. Huntley*
Elizabeth H. Huntley
(asb-1243-e55e)
**Attorney for Defendants**
OF COUNSEL
LIGHTFOOT, FRANKLIN &
WHITE LLC

The Clark Building
400 20th Street North
Birmingham, AL 35203
205-581-0700
ehuntley@lightfootlaw.com

*/s/ Meaghan G. Boyd*
James C. Grant
(*admitted pro hac vice*)
Georgia Bar No. 305410
Douglas S. Arnold
(*admitted pro hac vice*)
Georgia Bar No. 023208
Meaghan G. Boyd
(*admitted pro hac vice*)
Georgia Bar No. 142521
**Attorneys for Defendants**

ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
404-881-7000
jim.grant@alston.com
doug.arnold@alston.com
meaghan.boyd@alston.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ABNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File No. 2:15-cv-02040- |
| | ) | KOB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES PIPE AND | ) | |
| FOUNDRY COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of January, 2018, I have served a copy of the foregoing upon all counsel of record, via the Court's electronic filing, which will automatically give notice of such filing to:

Jon C. Conlin
R. Andrew Jones
Richard A. Wright
Mitchell Theodore
CORY WATSON, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
jconlin@corywatson.com
ajones@corywatson.com
rwright@corywatson.com
mtheodore@corywatson.com

*/s/ Meaghan G. Boyd*
Meaghan G. Boyd